IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:11-CR-123-FL-2
No. 7:16-CV-192-FL

| | |
|---|---|
| EDWIN COLON MALDONADO, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255, as corrected and amended (DE 190, 195), which challenges petitioner's sentence in light of the Supreme Court's ruling in Johnson v. United States, 135 S. Ct. 2551 (2015). The issues raised are ripe for ruling.[1] For the reasons that follow, the court denies petitioner's motion to vacate.

## BACKGROUND

On September 28, 2011, petitioner was charged in a four-count indictment with the following: conspiracy to possess with intent to distribute and distribution of less than 500 grams of cocaine, in violation of 21 U.S.C. § 846 (Count One); possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Two); possession of a firearm by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5), 924 (Count Three); and using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Four).

---

[1] This § 2255 matter and underlying criminal case were reassigned to the undersigned upon retirement of the district judge who presided over petitioner's original judgment of conviction and sentencing.

At petitioner's arraignment, held on November 6, 2012, petitioner pleaded not guilty. Following a four-day trial, the jury returned a verdict of guilty on all four counts. On June 4, 2013, the court sentenced petitioner to a total term of 123 months' imprisonment.[2] Petitioner appealed the court's judgment. On September 4, 2014, the Fourth Circuit Court of Appeals affirmed. See United States v. Maldonado, 583 F. App'x 82 (4th Cir. 2014). Petitioner filed a petition for certiorari in the Supreme Court, but it was denied. Maldonado v United States, 135 S. Ct. 1008 (2015).

On June 24, 2016, petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, arguing that he is entitled to resentencing in light of the Supreme Court's decisions in Johnson, 135 S. Ct. at 2551, and Welch v. United States, 136 S. Ct. 1257 (2016). On August 31, 2016, the court stayed this case pending the Supreme Court's final decision in Beckles v. United States, 15-8544. On April 7, 2017, the court lifted the stay and ordered petitioner to show cause why his § 2255 motion should not be dismissed in light of Beckles v. United States, 137 S. Ct. 886 (2017). Petitioner has failed to respond, and the time for doing so has passed.

**COURT'S DISCUSSION**

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court

---

[2] Petitioner was sentenced to 63 months' imprisonment on Counts One, Two, and Three, to be served concurrently. Petitioner was further sentenced to 60 months' imprisonment on Count Four, to be served consecutively.

2

shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.  Analysis

Petitioner argues he is entitled to resentencing in light of the Supreme Court's decisions in Johnson,135 S. Ct. at 2563, and Welch, 136 S. Ct. at 1257. Mot. Vacate (DE 195) at 4. Prior to Johnson, an offense was deemed a "violent felony" under the Armed Career Criminal Act's ("ACCA") so-called "residual clause" if it was punishable by greater than one year's imprisonment and "involve[d] conduct that present[ed] a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). In Johnson, the Supreme Court struck down the residual clause of the ACCA as unconstitutionally vague. 135 S. Ct. at 2563. In Welch, the Supreme Court held that Johnson's holding is retroactive on collateral review. 136 S. Ct. at 1257.

Petitioner was not sentenced as an armed career criminal pursuant to the ACCA's residual clause. Moreover, Johnson is irrelevant to the statutes under which petitioner was convicted and sentenced. Consequently, petitioner is not entitled to relief.

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, the court DENIES petitioner's motion to vacate (DE 190, 195). The court also DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 23rd day of May, 2017.

LOUISE W. FLANAGAN
United States District Judge